(Surrogate's Court, Washington County. June 12, 1900.)

TAXATION—INHERITANCE—VALUE—STATUTES—CONSTRUCTION.

Transfer Tax Law, § 242, declares that the word "property" shall be taken to mean the property of a testator passing to any one not specifically exempted from the operation of the act. Section 221 provides that, where property is transferred to the brother or sister of a decedent, the transfer shall not be taxed, unless the property transferred is worth $10,000 or more, in which case it shall be subject to taxation. *Held*, that a transfer of property, valued at less than $10,000, to a brother and sister of the decedent, share and share alike, was not subject to taxation, though the total value of testator's taxable property was more than that amount.

Proceeding to assess the transfer tax against the estate of James F. Corbett. From an order confirming the report of the appraiser fixing the tax, certain heirs appeal. Reversed.

Edgar Hull, for appellants.

Cornelius Corbett, Ellen Corbett, and Potter, Kellogg & King, for respondent county treasurer.

INGALSBE, S. This is an appeal taken from a decree entered "as of course" upon the report of an appraiser duly appointed under the provisions of the transfer tax law. The report was confirmed, and the tax upon the decedent's estate determined. The appeal is directed particularly to the tax upon the shares of decedent's property passing to his brother and sister. The aggregate taxable estate amounts to $11,880.69. Of this, one-third passes to nieces, the next of kin of a deceased brother, and the balance, the sum of $7,920.46, to a brother and sister now living, share and share alike. Upon the shares of the brother and sister a tax is determined of $39.60 each, or at the rate of 1 per cent. The appellants claim this to be error, upon the ground that, as the aggregate amount of personal property passing to the brother and sister is less than $10,000, it is wholly exempt from taxation under the transfer tax law. The respondent contends that, as the aggregate of decedent's estate going to taxable persons is in excess of $10,000, the whole is taxable, even though the aggregate amount passing to the brother and sister is less than that amount. To support this position, he cites various authorities, but none of them is either directly or by implication decisive of the question.

The decedent's property passes to two distinct classes of persons, as defined by the transfer tax law. The two nieces constitute one class, and the brother and sister the other. Upon property passing to the class represented by the nieces, a tax of 5 per cent. is laid if it

aggregates $500 or more. The other class is exempted entirely as to real estate, and it is evidently the intent of the statute that there shall be some exemption as to personal property. The question raised on this appeal is as to the amount of this exemption. Is it a fixed sum, or is it variable, and dependent entirely on the amount of property passing to collaterals? If the respondent is right, and a man dies testate, leaving an estate of $10,000, $9,900 of which he disposes of to nephews and nieces, and the balance of $100 to his daughter, the legacy to the daughter would be subject to a tax of 1 per cent. We cannot believe that this is the intent of the law. ·Certainly it is not its letter.

Stripping the first sentence of section 221 of the tax law of such words as are superfluous here, it reads:

"When the property or any beneficial interest therein passes by any such transfer to, or for, the use of any * * * brother, sister, * * * of the decedent, * * * such transfer of property shall not be taxable under this act, unless it is personal property of the value of ten thousand dollars or more, in which case it shall be taxable under this act, at the rate of one per cent. upon the clear market value of the property."

The word "property" is not used in this sentence in a general, but in a plainly restricted, sense. It does not refer to the property of the decedent passing, but to the property only which "passes by any such transfer to, or for, the use of any brother or sister." Here is no ambiguity. There is no need of a statutory definition, because the word is defined definitely by its connection and environment. The sentence proceeds, "such transfer shall not be taxed unless it is personal property of the value of ten thousand dollars or more." There can be no doubt as to what the word "it" relates to. It refers unmistakably to the earlier clause of the sentence, and to the property which "passes by any such transfer to, or for, the use of any * * * brother. sister." There is no property alluded to in this sentence aside from the property passing to any brother or sister. When this property is real estate it is exempt, and when it is personal property of less than $10,000 it is also exempt. The section throughout deals with exemptions. Its title is "Exemptions and Limitations." Only one interpretation can be given to the section upon its reading. It provides that all real estate passing to certain classes shall be exempt, and that personalty so passing shall be exempt up to the sum of $10,000. The word "property" is not used in the sentence in such a way that the statutory definition can be applied. Its meaning is each time determined by the context.

Passing for a moment from the consideration of the question of literal interpretation to the question of intent, it should be noted that side by side in this enumeration with brother and sister stand wife and child and the children of a deceased child. Can the thought be entertained for a moment that the legislature intended to impose a tax upon personal property passing to wife, children, and grandchildren without it aggregated a fairly respectable amount? Did the legislature intend to provide a definite exemption for this class of persons, or did it intend to leave the amount of the exemption to be determined by decedent's liberality to collaterals in case of testacy, and to the

chances of death of the closest next of kin in case of intestacy? Take, for instance, in intestacy, the case of a man one of ten brothers and sisters. His estate is worth net $10,000. Eight of his brothers and sisters have died leaving descendants. One sister survives. Is it supposable that the intent of the law is to tax the one-ninth of the estate going to the sister, for the reason that that, added to the aggregate amount passing to collaterals, makes the sum of $10,000? This question of intent is an important one, for its ascertainment is the ultimate object of all statutory construction. When the real design of the legislature can be ascertained or is plainly perceivable, the language used must be given such interpretation as will carry it into effect, even at the sacrifice of the exact letter of the law. Here, however, intent and literal interpretation go hand in hand. The letter of the statute clearly and definitely expresses the desire of the legislature to protect from taxation a certain class of next of kin, up to a certain amount.

The respondent, however, claims that the statutory definition of the word "property" must be accepted. This definition is given in section 242 of the tax law. Reduced to its application here:

"The words * * * and property * * * shall be taken to mean the property * * * of the testator, intestate, * * * passing or transferred to those not herein specifically exempted from the provisions of this article, and not as property * * * passing or transferred to individual legatees, devisees, heirs at law, next of kin," etc.

It will be seen that this definition does not affect the question under discussion. It applies only to the property passing "to those not herein specifically exempted." Here we are considering the property passing to an exempted class, and such property is expressly excepted from the operation of the definition.

The decree should be reversed as to the tax determined upon the shares of the brother and sister, and a decree entered exempting these shares from taxation.

---

### MARKOWITZ v. METROPOLITAN ST. R. CO.

(City Court of New York, General Term. July 11, 1900.)

RELEASE—FRAUD—EFFECT.

A release for injuries sustained by reason of the negligence of defendant, the execution whereof was procured by deceit and fraud, and by inducing the plaintiff, who was illiterate, to believe that he was merely signing a receipt for a gratuity, will not bar an action for such injuries.

Appeal from special term.